The People on the relation of the Auditor-General v. The Board of Supervisors of Jackson County.

*Account between state and county: Board of supervisors: Mandamus.* When a statement of account between a county and the state, showing a debt due to the state, is correctly and regularly made, and the ascertained amount is seasonably certified in due form to the clerk of the county, it is the duty of the board of supervisors under *section 30 of the act of 1869 (No. 169)*, as amended in 1871 (*No. 163*), at once to make the proper apportionment; and if they shall refuse to do so, they may be compelled by *mandamus.*

*Heard January 3. Decided January 4.*

Application for *mandamus.*

*Dwight May, Attorney-General,* for the relator.

*Hovey K. Clarke,* for the respondents, demurred orally to the petition.

GRAVES, J.

This is an application on behalf of the state, by the auditor-general, praying that a *mandamus* issue against the board of supervisors of the county of Jackson to require them to apportion upon the taxable property of the county the sum of sixteen thousand nine hundred and one dollars and fifty-five cents, claimed to be due from the county to the state, on the first day of July last, on account of taxes.

By an act approved April 15, 1871 (*1 Sess. L., 1871, p. 248*), the legislature amended section thirty of the tax law of 1869 so as to make it read as follows:

"The auditor-general shall apportion the state tax among the several counties, in proportion to the valuation of taxable property therein, as determined by the last preceding state board of equalization, and shall, before the October session of the board of supervisors, make out and transmit to the clerks of the several boards the amount of such tax so apportioned by him to the county, and shall charge the several amounts of such apportionments to the counties respectively. The auditor-general shall also include in the amount of the state tax so apportioned to any county, the amount of indebtedness of such county to the state, as shall be shown by the statement of the account between the county and the state, made by the auditor-general on the first day of July next previous to such apportionment, *which amount shall be apportioned by the board of supervisors of the proper county,* at the same time as are the state taxes contained in such apportionment of the auditor-general, and shall be levied in the same manner as, and become a portion of, the county taxes of the same year: *Provided,* That the amount of county indebted-

ness included in such apportionment shall not be included in the amount of state tax charged to the counties, as provided in the first clause of this section."

It is claimed by the auditor-general, and not denied by the respondents, that on the first day of July last, the county of Jackson was indebted to the state in said sum of sixteen thousand nine hundred and one dollars and fifty-five cents, as shown by the statement required by the foregoing provision, and that the same, with the state tax apportioned to Jackson county, was seasonably certified to the clerk of the board, pursuant to the statute; but that the respondents refused to apportion said sum on the taxable property in the county. As the respondents have neither denied the facts alleged by the auditor-general, nor suggested any objection to his claim or to this application, but have submitted to rest the matter without argument upon the case made against them, we are not apprised of any ground upon which a *mandamus* ought to be refused. Indeed, it was stated at the bar that the board would make the required apportionment the coming season, even if no writ should be awarded.

When a statement of account between the county and the state, showing a debt from the former to the latter, is correctly and regularly made, and the ascertained amount is seasonably certified in due form to the clerk, it would seem to be the legal duty of the board, under this statute, to at once make the proper apportionment; and if in such a case, the board should refuse, we see no reason why it would not be incumbent on this court to award the compulsory process of *mandamus* if regularly applied for.

We think, therefore, the present application should be granted, but without costs.

The other Justices concurred.